UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL DARREN DARBY, | **Hon. Noel L. Hillman** |
| Petitioner, | Civil No. 08-4929 (NLH) |
| v. | |
| MICHELLE RICCI, et al., | OPINION |
| Respondents. | |

APPEARANCES:

>   MICHAEL DARREN DARBY, #537015B
>   New Jersey State Prison
>   P.O. Box 861
>   Trenton, New Jersey  08625
>   Petitioner Pro Se

**HILLMAN**, District Judge

Michael Darren Darby filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Cumberland County, on December 9, 1991.  For the reasons expressed below, and because the Petition, as drafted and read in light of the pertinent state court decisions, shows that the claims are time barred, this Court will dismiss the Petition and deny a certificate of appealability.

### I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Cumberland County, on December 9, 1991, based on his plea of guilty to

murder and four armed robberies.  (Pet. ¶¶ 1-2.)  The Law Division imposed a life sentence, with a 30-year period of parole ineligibility for murder, and a consecutive 15-year term, with five years of parole ineligibility, for the armed robberies.  (Pet. ¶ 3.)  See also State v. Darby, 2008 WL 2121748 at *1 (N.J. Super., App. Div., May 20, 2008).  Petitioner did not file a direct appeal.  (Pet. ¶ 8.)  See also Darby at *1.

Petitioner asserts that he filed a state petition for post-conviction relief on October 11, 2005, and the Law Division denied relief on February 14, 2008.[1]  (Pet. ¶ 11(a)(3) and (a)(8).)  Petitioner appealed.  See Darby at *1.  The Appellate Division affirmed the order denying post-conviction relief in an opinion filed May 20, 2008, holding:  (1) Darby failed to show excusable neglect or exceptional circumstances warranting relaxation of the five-year time limit for a petition for post-conviction relief under N.J. Court Rule 3:22-12(a); (2) Darby failed to establish that counsel was constitutionally ineffective; and (3) the sentence was neither illegal nor an abuse of discretion.  Id. at *2-*3.  On September 9, 2008, the New Jersey Supreme Court denied certification.  See State v. Darby, 196 N.J. 464 (2008) (table); (Pet. ¶ 11(b)(8).)

---

[1] Although Petitioner asserts in the Petition that the Law Division denied post-conviction relief on February 14, 2008, the order denying such relief, which is contained in Petitioner's appendix, shows the order was filed February 15, 2007.  (Docket entry #1-2, p. 36.)

2

Petitioner executed his first § 2254 Petition, which is presently before this Court, on October 3, 2008. The Petition raises four grounds:

> Ground One: a/DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL; b/COUNSEL INEFFECTIVENESS BY DENIAL OF RIGHT OF APPEAL; C/INEFFECTIVENESS OF POST PROCEEDING COUNSEL; d/INEFFECTIVENESS OF PCR-APPELLATE COUNSEL.
>
> Ground Two: PETITION FOR POST CONVICTION RELIEF COURT FAILED IN ITS SPECIFIC PURPOSE TO NOTICE, OR REMEDY OBVIOUS; a/LACK OF JURISDICTION BY SENTENCING COURT; b/SUBSTANTIAL DEPRIVATION OF DEFENDANT'S FEDERAL CONSTITUTIONAL RIGHTS; c/IMPOSITION OF ILLEGAL SENTENCE OR THAT NOT AUTHORIZED BY LAW.
>
> Ground Three: a/DEFENDANT WAS FACED WITH CHALLENGES HE SHOULD NOT HAVE BEEN EXPOSED TO; b/DENIED FAIRNESS AND ACCESS TO THE COURT.
>
> Ground Four: a/THE PETITION FOR POST CONVICTION RELIEF IN THIS MATTER HAS BEEN WRONGFULLY DENIED; b/CONVICTION WAS OBTAINED BY USE OF COERCED CONFESSION VIOLATING FEDERAL CONSTITUTIONAL PRIVILEGE AGAINST SELF INCRIMINATION; c/CONVICTION AND DENIAL OF RELIEF ON POST PROCEEDING WERE OBTAINED BY CONSTITUTIONAL FAILURE OF PROSECUTION TO DISCLOSE TO DEFENDANT EVIDENCE FAVORABLE TO THE DEFENDANT.

(Pet. ¶ 12, Grounds One-Four.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the

grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding.

> It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

B. Statute of Limitations

Prior to substantively examining the Petition or ordering an answer, this Court will determine whether the Petition and supporting Memorandum of Law, together with the relevant state court decisions (which are electronically available), show that the Petition is time barred. See Day v. McDonough, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted, but not

5

obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition"); Kilgore v. Attorney General of Colorado, 519 F. 3d 1084, 1089 (10th Cir. 2008) (court may not sua sponte dismiss a § 2254 petition as time barred on the ground that it lacks sufficient information to establish timeliness, but may do so where untimeliness is clear from the face of the petition or pled as an affirmative defense); Long v. Wilson, 393 F. 3d 390, 402-03 (3d Cir. 2004) (court may examine timeliness of petition for a writ of habeas corpus sua sponte).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims

7

>*contained in the application* are meritorious
>and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 128 S. Ct. 2 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2), whether the statute of limitations is jurisdictional or an affirmative defense). A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."  Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007).[2]

The AEDPA statute of limitations is also subject to equitable tolling.  See Miller, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state

---

[2] Nor does the petitioner's properly filed motion for discretionary reduction of the sentence, which does not challenge the lawfulness of the sentence, result in statutory tolling.  See Hartmann v. Carroll, 492 F. 3d 478 (3d Cir. 2007).

prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).³  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure

---

³ For example, in Urcinoli v. Cathel, 546 F. 3d 269 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit determined that equitable tolling was warranted where the District Court's sua sponte dismissal of the first § 2254 petition as mixed (which dismissal occurred after the one year limitations period had already expired), prevented the petitioner in an extraordinary way from pursuing his exhausted claims, since the petitioner was not given the option of proceeding only on the exhausted claims.  Similarly, in Taylor v. Horn, 504 F. 3d 416, 426-27 (3d Cir. 2007), the Third Circuit affirmed the District Court's ruling that, where the District Court declined to stay a mixed § 2254 petition but noted that Taylor's filing of an exhausted petition would relate back under Federal Rule of Civil Procedure 15(c), equitable tolling was warranted.

9

to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A). Because Darby's judgment of conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year limitations period began on April 24, 1996. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Absent statutory or equitable tolling, the limitations period expired 365 days later on April 23, 1997. See Wilson v. Beard, 426 F.3d 653, 663 (3d Cir. 2005).

Statutory tolling is not available, as nothing set forth in the Petition, Memorandum of Law, or pertinent state court decisions, indicates that a state petition for collateral review was pending between April 24, 1996, and April 23, 1997. See Long, 393 F.3d at 394-95 (state post-conviction review petition had no effect on tolling because the limitations period had already run when it was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).

Petitioner argues in his Memorandum of Law that equitable tolling is warranted. He states:

> The petitioner herein, timely requested that the Public Defenders Office file a direct

10

> appeal on his behalf . . . on December 21, 1991.  However, the direct appeal WAS NOT perfected at that time . . . .  Petitioner, pro se, filed his first State Post Conviction Relief Petition on October 15, 2005.  The (PCR) motion wad denied on February 14, 2007.  Petitioner again timely requested that the Public Defenders Office file an appeal on his behalf.  Again the office failed to timely file Notice, although petitioner did file a timely pro se Notice on the 43rd day of 45 to do so.  While Post Conviction Relief petitions are neither an appeal nor a substitute for one[,] the Direct Appeal process to that denial is the only one that has been afforded, and . . . the error must implicate the defendant's right to due process under the Constitution.
>
> Initially the petitioner herein was prevented from ordinary timely filing, as listed above, by the State of New Jersey Department of Public Advocate, Office of the Public Defender, Appellate Section in violation of the Constitution and laws of the United States.  It is well determined that the (State) action by Public Defenders Office, Appellate Section, altogether ignoring, ultimately dismissing the timely request(s) for direct appeal(s) made by petitioner [constitutes] per se ineffectiveness entitling petitioner to delayed appeal.  Under RPC 1.16(d), counsel has that continuing obligation to protect a clients interests.  Particularly where the right to appeal has been extended.  The Public Defender's Appellate Section first acknowledged the impediment February 10, 1993, three hundred eighty nine (389) days after initial procedural bar had fallen.  This petitioner only has a sixth grade education and is not a trained professional lawyer.  The impediment remains and has accrued.

(Petitioner's Mem. of Law, Docket entry #1-2, pp. 2-4.)

Petitioner in essence argues that because the Public Defender's Office improperly failed to pursue a timely direct appeal and PCR petition (despite his requests), equitable tolling of the limitations period is warranted for the seven-year period between April 23, 1997 (when the limitations period expired) and October 11, 2005 (when Petitioner filed his PCR petition), as well as the one-month period between September 9, 2008 (when the New Jersey Supreme Court denied certification) and October 3, 2008 (when he signed his § 2254 Petition).

The first problem with this argument is that attorney error is not an extraordinary circumstance warranting equitable tolling.  See Lawrence v. Florida, 127 S. Ct. at 1085.  Nor is excusable neglect, the standard which the Appellate Division found that Petitioner had not satisfied.[4]  See Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).  The second impediment is that Darby has not exercised diligence in pursuing his rights.  He did not pursue post-conviction relief until 14 years after his conviction became final.  And he did not file the instant § 2254 Petition until almost one month after the New Jersey Supreme Court denied

---

[4] The Appellate Division determined that Darby "failed to allege or establish facts supporting excusable neglect and proffer[ed] no exceptional circumstances warranting relaxation of the [five-year] time bar [for state PCR petitions.]" Darby, 2008 WL 2121748 at *2.

12

certification and his post-conviction relief became final. As the Supreme Court observed in Pace v. DiGuglielmo,

> [P]etitioner waited years, without any valid justification, to assert these claims in his . . . PCRA petition. Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem, state or federal. And not only did petitioner sit on his rights for years *before* he filed his PCRA petition, but he also sat on them for five more months *after* his PCRA proceedings became final before deciding to seek relief in federal court. Under long-established principles, petitioner's lack of diligence precludes equity's operation.

Pace, 544 U.S. at 419 (citations and footnotes omitted).

In this case, Petitioner was not prevented from asserting his claims by extraordinary circumstances, and he did not exercise reasonable diligence. Under these circumstances, equitable tolling of the statute of limitations for over seven years is not available. And given this long delay and the fact that most, if not all, of Petitioner's substantive grounds are barred by his guilty plea, the interests of justice would not be better served by addressing the merits. See Day, 547 U.S. at 210. This Court will dismiss the Petition as time barred.

This Court, however, cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or equitable tolling of the instant Petition (which are not set forth in Petitioner's Memorandum of Law), and might wish to raise these grounds to show timeliness of his Petition, i.e., to

account for the periods from April 23, 1997, through October 11, 2005, and September 9, 2008, until October 3, 2008.  See Day, 547 U.S. at 210 (before acting on timeliness of petition on its own initiative, court must accord Petitioner fair notice and an opportunity to present his position); Tozer v. Powers, Docket No. 08-2432 (RMB) order dismissing pet. (D.N.J., June 30, 2008), COA denied, C.A. No. 08-3259 (3d Cir. Dec. 11, 2008).  This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely by seven years.  This Court will administratively terminate the case for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

C.   Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

14

constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.


                                    s/Noel L. Hillman
                                    **NOEL L. HILLMAN, U.S.D.J.**


DATED:    April 27  , 2009

At Camden, New Jersey

15