**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
                                 :
MICHAEL DARREN DARBY,            :        Hon. Noel L. Hillman
                                 :
            Petitioner,          :     Civil No. 08-4929 (NLH)
                                 :
        v.                       :
                                 :
MICHELLE RICCI, et al.,          :           OPINION
                                 :
            Respondents.         :
                                 :
```

**APPEARANCES:**

> MICHAEL DARREN DARBY, #537015B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625
> Petitioner Pro Se

**HILLMAN**, District Judge

Michael Darren Darby filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Cumberland County, on December 9, 1991.  By Order entered April 28, 2009, this Court dismissed the Petition as untimely, denied a certificate of appealability, permitted Petitioner to file (within 30 days) a statement arguing that the Petition is not time barred, and administratively terminated the case, subject to reopening.  On May 12, 2009, Petitioner submitted a motion to reopen the case, together with a 24-page statement, and an appendix.  For the reasons expressed below, this Court will reopen the file, reconsider whether the Petition is time barred, dismiss the Petition as untimely, and deny a certificate of appealability.

## I.  BACKGROUND

The Petition challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Cumberland County, on December 9, 1991, based on Petitioner's plea of guilty to murder and four armed robberies.  (Pet. ¶¶ 1-2.)  The Law Division denied Petitioner's motion to withdraw the plea and imposed a life sentence, with a 30-year period of parole ineligibility for murder, and a consecutive 15-year term, with five years of parole ineligibility, for the armed robberies. (Pet. ¶ 3.)  See also State v. Darby, 2008 WL 2121748 at *1 (N.J. Super., App. Div., May 20, 2008).  Although Petitioner asked counsel to appeal, no direct appeal was taken.  (Pet. ¶ 8.)  See also Darby at *1.

Petitioner filed a state petition for post-conviction relief on in October 2005, and the Law Division denied relief on February 14, 2007.  Petitioner appealed.  See Darby at *1.  The Appellate Division affirmed the order denying post-conviction relief in an opinion filed May 20, 2008.  Id. at *2-*3.  On September 9, 2008, the New Jersey Supreme Court denied certification.  See State v. Darby, 196 N.J. 464 (2008) (table); (Pet. ¶ 11(b)(8).)

Petitioner executed his § 2254 Petition on October 3, 2008. By Order and accompanying Opinion entered April 28, 2009, this Court dismissed the Petition as untimely, pursuant to Habeas Rule

4, see 28 U.S.C. § 2254 Rule 4, and denied a certificate of
appealability.  This Court reasoned that, although Petitioner's
conviction became final in 1992, the one-year statute of
limitations under 28 U.S.C. § 2244(d)(1)(A), began on April 24,
1996, and expired 365 days later on April 23, 1997.  This Court
found that statutory tolling was unavailable because Petitioner
did not file his state petition for post-conviction relief until
October 2005, after the limitations period expired, and that
equitable tolling was not warranted because Petitioner was not
prevented from asserting his claims by extraordinary
circumstances, and he did not exercise reasonable diligence.
However, this Court permitted Petitioner to submit a statement
arguing that the Petition is not time barred, and to account for
the period from April 23, 1997 (when the statute of limitations
expired) and October 2005 (when he filed his state petition for
post-conviction relief), as well as the period from September 9,
2008 (when the New Jersey Supreme Court denied post conviction
relief) and October 3, 2008 (when he filed this Petition).

## II.  ANALYSIS

    Petitioner filed a motion to reopen this proceeding to
consider his argument that the Petition should not be dismissed
as time barred, which this Court will grant.  Petitioner filed a
24-page memorandum in which he argues: (1) the Petition is not
untimely; (2) extraordinary circumstances prevented Petitioner

from asserting his claims and he exercised due diligence; and (3)
the interest of justice would be better served by consideration
of the merits of the Petition, given that the Superior Court
lacked jurisdiction to accept his guilty plea in the absence of a
murder indictment.[1]

---

[1] The Petition itself raises four grounds:

       Ground One: a/DENIAL OF EFFECTIVE ASSISTANCE
OF COUNSEL; b/COUNSEL INEFFECTIVENESS BY
DENIAL OF RIGHT OF APPEAL; C/INEFFECTIVENESS
OF POST PROCEEDING COUNSEL; d/INEFFECTIVENESS
OF PCR-APPELLATE COUNSEL.

       Ground Two: PETITION FOR POST CONVICTION
RELIEF COURT FAILED IN ITS SPECIFIC PURPOSE
TO NOTICE, OR REMEDY OBVIOUS; a/LACK OF
JURISDICTION BY SENTENCING COURT;
b/SUBSTANTIAL DEPRIVATION OF DEFENDANT'S
FEDERAL CONSTITUTIONAL RIGHTS; c/IMPOSITION
OF ILLEGAL SENTENCE OR THAT NOT AUTHORIZED BY
LAW.

       Ground Three: a/DEFENDANT WAS FACED WITH
CHALLENGES HE SHOULD NOT HAVE BEEN EXPOSED
TO; b/DENIED FAIRNESS AND ACCESS TO THE
COURT.

       Ground Four: a/THE PETITION FOR POST
CONVICTION RELIEF IN THIS MATTER HAS BEEN
WRONGFULLY DENIED; b/CONVICTION WAS OBTAINED
BY USE OF COERCED CONFESSION VIOLATING
FEDERAL CONSTITUTIONAL PRIVILEGE AGAINST SELF
INCRIMINATION; c/CONVICTION AND DENIAL OF
RELIEF ON POST PROCEEDING WERE OBTAINED BY
CONSTITUTIONAL FAILURE OF PROSECUTION TO
DISCLOSE TO DEFENDANT EVIDENCE FAVORABLE TO
THE DEFENDANT.

(Pet. ¶ 12, Grounds One-Four.)

A.  Interest of Justice

Petitioner contends that the interests of justice would be better served by addressing the merits of his claims, since the Superior Court of New Jersey lacked jurisdiction to accept his guilty plea to murder without an indictment, contrary to the Indictment Clause of Fifth Amendment of the United States Constitution and New Jersey Court Rules 3:4-2(b)(7) and 3:7-2.

Petitioner's Fifth Amendment claim is without merit, as the Fifth Amendment right to an indictment by a Grand Jury does not apply to State criminal prosecutions.  See Apprendi v. New Jersey, 530 U.S. 466, 477 n.3 (2000); Albright v. Oliver, 510 U.S. 266, 272 (1994); Hurtado v. California, 110 U.S. 516 (1884). Because the Due Process Clause of the Fourteenth Amendment has not been construed to incorporate the Fifth Amendment right to indictment by a Grand Jury, id., the legality of an indictment is a matter of state law, see U. S. Wojtycha v. Hopkins, 517 F.2d 420, 425 (3rd Cir. 1975).  Accordingly, "there is no federal constitutional impediment to dispensing entirely with the grand jury in state prosecutions."  Beck v. Washington, 369 U.S. 541, 545 (1962); see also Gerstein v. Pugh, 420 U.S. 103, 118-119 (1975) ("the accused is not 'entitled to [federal] judicial oversight or review of the decision to prosecute").

Petitioner's claim that the New Jersey courts lacked jurisdiction to accept his guilty plea under New Jersey Court

Rules is not cognizable, as it does not assert a federal claim.[2]
Petitioner's attempt to repackage this state law claim as a
federal ineffective assistance of counsel claim is
inconsequential, as Petitioner procedurally defaulted his
ineffective assistance of counsel claims.[3]

---

[2] New Jersey Court Rule 3:7-2 provides in relevant part:

> A crime punishable by death shall be
> prosecuted by indictment.  Every other crime
> shall be prosecuted by indictment unless the
> defendant, after having been advised of the
> right to indictment, shall waive the right in
> a signed writing, in which case the defendant
> may be tried on accusation.

N.J. Ct. R. 3:7-2.

New Jersey Court Rule 3:4-2(b)(7) provides that, if the
defendant is charged with an indictable offense, at his first
appearance before a judge, the judge shall

> inform the defendant of his or her right to
> have a hearing as to probable cause and of
> his or her right to indictment by grand jury
> and trial by jury, and if the offense charged
> may be tried by the court upon waiver of
> indictment and trial by jury the court shall
> so inform the defendant.  All such waivers
> shall be in writing, signed by the defendant,
> and shall be filed and entered on the docket.
> If the complaint charges an indictable
> offense, which cannot be tried by the court
> on waiver, it shall not ask for or accept a
> plea to the offense.

N.J. Ct. R. 3:4-2(b)(7).

[3] The Appellate Division determined that Petitioner's post-
conviction relief challenge to his guilty plea was procedurally
barred by the five-year time limit for filing post-conviction
relief petitions.  And reliance by the last state court to
(continued...)

Under these circumstances, this Court rejects Petitioner's
contention that the interests of justice would be better served
by addressing the merits of his claims.  See Day, 547 U.S. at
210.

B.  Timeliness

Petitioner asserts that this Court should not dismiss the
Petition as untimely because there is no time bar to his
challenge to his guilty plea.  He argues:

> [P]etitioners waiver, and plea agreement in a
> court lacking criminal jurisdiction
> invalidated the judgment of conviction,
> before and after the unauthorized imposition
> of a sentence.  The prosecution [is] not
> entitled or empowered to usurp constitutional
> role of the grand jury, to disregard a
> defendants constitutional rights nor treat
> the presentation process as if it were a
> rubber stamp for prosecutors office . . . .
> There simply is no time bar to [this] claim.

(Docket entry 6, p. 27.)

This Court rejects Petitioner's contention that there is no
statute of limitations applicable to his § 2254 Petition, as §
2244(d)(1) does not exempt Petitioner's claims.

---

³(...continued)
consider a federal claim on an "adequate and independent finding
of procedural default will bar federal habeas review of [that]
federal claim, unless the habeas petitioner can show 'cause' for
the default and 'prejudice' attributable thereto, or demonstrate
that failure to consider the federal claim will result in a
fundamental miscarriage of justice."  Harris v. Reed, 489 U.S.
255, 262 (1989) (citations and internal quotation marks omitted);
accord Cabrera v. Barbo, 175 F.3d 307, 312-14 (3d Cir. 1999);
Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996).

7

C.  Extraordinary Circumstances and Due Diligence

Petitioner argues that he was "after the fact prevented by extraordinary circumstances and did exercise due diligence." (Docket entry #6, p. 30.)  He maintains that his case is not a normal case and

> may in fact be considered properly filed as it applies to a petition to correct an illegal sentence . . . .  In truth Darby has demonstrated due diligence by appealing the denial of the postconviction petition to the states highest court.  Abandoned, he still sought certification without any meaningful assistance of counsel.

(Id.)

However, Petitioner has not shown extraordinary circumstances under applicable Supreme Court and Third Circuit precedent.[4]  And given that Petitioner did not pursue post-conviction relief in the New Jersey courts until 14 years after his conviction became final, Petitioner has not shown that he exercised due diligence in pursuing his claims.  As the Supreme Court observed in Pace v. DiGuglielmo, 544 U.S. 408 (2005),

> petitioner waited years, without any valid justification, to assert these claims in his . . . PCRA petition.  Had petitioner advanced

---

[4] Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones v. Morton, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

> his claims within a reasonable time of their
> availability, he would not now be facing any
> time problem, state or federal.  And not only
> did petitioner sit on his rights for years
> *before* he filed his PCRA petition, but he
> also sat on them for five more months *after*
> his PCRA proceedings became final before
> deciding to seek relief in federal court.
> Under long-established principles,
> petitioner's lack of diligence precludes
> equity's operation.

Id. at 419 (citations and footnotes omitted).

In this case, Petitioner was not prevented from asserting his claims by extraordinary circumstances, and he did not exercise reasonable diligence.  Under these circumstances, equitable tolling of the statute of limitations for over seven years is not available.  And given this long delay and the and the procedural default of Petitioner's underlying claims, the interests of justice would not be better served by addressing the merits.  See Day, 547 U.S. at 210.  This Court will dismiss the Petition as time barred.

D.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on

procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.   CONCLUSION

Based on the foregoing, the Court grants Petitioner's motion to reopen the case, dismisses the Petition with prejudice as untimely and denies a certificate of appealability.


        s/Noel L. Hillman
        **NOEL L. HILLMAN, U.S.D.J.**


DATED: May 20, 2009

At Camden, New Jersey

10