UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL DARREN DARBY, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil No. 08-4929 (NLH) |
| v. | : | |
| MICHELLE RICCI, et al., | : | OPINION |
| Respondents. | : | |

**APPEARANCES**:

    MICHAEL DARREN DARBY, #537015B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625
    Petitioner Pro Se

**HILLMAN**, District Judge

    Michael Darren Darby filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Cumberland County, on December 9, 1991.  By Order entered April 28, 2009, this Court dismissed the Petition as untimely, denied a certificate of appealability, permitted Petitioner to file (within 30 days) a statement arguing that the Petition is not time barred, and administratively terminated the case, subject to reopening.  On May 12, 2009, Petitioner submitted a motion to reopen the case, together with a 24-page statement, and an appendix.  On May 20, 2009, this Court considered Petitioner's arguments that the Petition should not be dismissed as time barred, dismissed the Petition as untimely, and denied a certificate of appealability.

Before this Court is Petitioner's "Motion for Stay and Abeyance on Mixed Petition Pending Exhaustion on Rule 60(b) Motion Made in the Court Wherein Plea Was Entered."  (Docket Entry #10.)  For the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court will deny the motion and a certificate of appealability.

## I.   BACKGROUND

The Petition challenged a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Cumberland County, on December 9, 1991, based on Petitioner's plea of guilty to murder and four armed robberies.  (Pet. ¶¶ 1-2.)  The Law Division denied Petitioner's motion to withdraw the plea and imposed a life sentence, with a 30-year period of parole ineligibility, for murder, and a consecutive 15-year term, with five years of parole ineligibility, for the armed robberies.  (Pet. ¶ 3.)  See also State v. Darby, 2008 WL 2121748 at *1 (N.J. Super., App. Div., May 20, 2008).  Petitioner asserts that, while he asked counsel to appeal, no direct appeal was taken.  (Pet. ¶ 8.)  See also Darby at *1.

Petitioner filed a state petition for post-conviction relief in October 2005, and the Law Division denied relief on February 14, 2007.  Petitioner appealed.  See Darby at *1.  The Appellate Division affirmed the order denying post-conviction relief in an opinion filed May 20, 2008.  Id. at *2-*3.  On September 9, 2008,

the New Jersey Supreme Court denied certification.  See State v. Darby, 196 N.J. 464 (2008) (table); (Pet. ¶ 11(b)(8).)

Petitioner executed his § 2254 Petition on October 3, 2008. By Order and accompanying Opinion entered April 28, 2009, this Court dismissed the Petition as untimely, pursuant to Habeas Rule 4, see 28 U.S.C. § 2254 Rule 4, and denied a certificate of appealability.  This Court reasoned that, although Petitioner's conviction became final in 1992, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A), began on April 24, 1996, and expired 365 days later on April 23, 1997.  This Court found that statutory tolling was unavailable because Petitioner did not file his state petition for post-conviction relief until October 2005, after the limitations period expired, and that equitable tolling was not warranted because Petitioner was not prevented from asserting his claims by extraordinary circumstances and he did not exercise reasonable diligence. However, this Court permitted Petitioner to submit a statement arguing that the Petition is not time barred, and to account for the period from April 23, 1997 (when the statute of limitations expired) and October 2005 (when he filed his state petition for post-conviction relief), as well as the period from September 9, 2008 (when the New Jersey Supreme Court denied post conviction relief) and October 3, 2008 (when he filed this Petition).

3

Petitioner thereafter filed a motion to reopen the proceeding to consider his argument that the Petition should not be dismissed as time barred.  Petitioner filed a 24-page memorandum in which he argued: (1) the Petition is not untimely; (2) extraordinary circumstances prevented Petitioner from asserting his claims and he exercised due diligence; and (3) the interest of justice would be better served by consideration of the merits of the Petition, given that the Superior Court lacked jurisdiction to accept his guilty plea in the absence of a murder indictment.[1]

---

[1] The Petition itself raised four grounds:

> Ground One: a/DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL; b/COUNSEL INEFFECTIVENESS BY DENIAL OF RIGHT OF APPEAL; C/INEFFECTIVENESS OF POST PROCEEDING COUNSEL; d/INEFFECTIVENESS OF PCR-APPELLATE COUNSEL.
>
> Ground Two: PETITION FOR POST CONVICTION RELIEF COURT FAILED IN ITS SPECIFIC PURPOSE TO NOTICE, OR REMEDY OBVIOUS; a/LACK OF JURISDICTION BY SENTENCING COURT; b/SUBSTANTIAL DEPRIVATION OF DEFENDANT'S FEDERAL CONSTITUTIONAL RIGHTS; c/IMPOSITION OF ILLEGAL SENTENCE OR THAT NOT AUTHORIZED BY LAW.
>
> Ground Three: a/DEFENDANT WAS FACED WITH CHALLENGES HE SHOULD NOT HAVE BEEN EXPOSED TO; b/DENIED FAIRNESS AND ACCESS TO THE COURT.
>
> Ground Four: a/THE PETITION FOR POST CONVICTION RELIEF IN THIS MATTER HAS BEEN WRONGFULLY DENIED; b/CONVICTION WAS OBTAINED BY USE OF COERCED CONFESSION VIOLATING

(continued...)

By Order and accompanying Opinion entered May 21, 2009, this Court reopened the case, considered Petitioner's arguments that the Petition should not be dismissed as untimely, dismissed the Petition with prejudice as untimely, and denied a certificate of appealability.  (Docket Entry Nos. 8, 9.)  This Court rejected Petitioner's arguments, reasoning that the interest of justice would not be better served by addressing the merits of his claims, the Petition was untimely, and Petitioner failed to show reasonable diligence and that he was prevented from asserting his claims in a timely fashion by extraordinary circumstances.

On March 22, 2010, Petitioner filed the following documents: "Motion for Stay and Abeyance on Mixed Petition Pending Exhaustion on Rule 60(b) Motion Made in the Court Wherein Plea Was Entered" and "Memorandum of Law in Support of Stay on Rule 60(b) Motion," together with an appendix containing a November 9, 2009, opinion issued by the Superior Court of New Jersey, Law Division, denying Petitioner's second state petition for post-conviction relief, see State v. Darby, Accusation No. 91-10-1018-A & Indictment No. 91-08-825, slip op. (N.J. Super., Law Div.,

---

[1](...continued)
  FEDERAL CONSTITUTIONAL PRIVILEGE AGAINST SELF
  INCRIMINATION; c/CONVICTION AND DENIAL OF
  RELIEF ON POST PROCEEDING WERE OBTAINED BY
  CONSTITUTIONAL FAILURE OF PROSECUTION TO
  DISCLOSE TO DEFENDANT EVIDENCE FAVORABLE TO
  THE DEFENDANT.

(Pet. ¶ 12, Grounds One-Four.)

Nov. 9, 2009), various letters from the Office of the Public Defender, a Presentence Report, search warrant, accusation, and brief in support of Petitioner's second state post-conviction relief petition.

## II.  DISCUSSION

A.  Motion for Stay and Abeyance

Petitioner labeled the present motion as a "Motion for Stay and Abeyance on Mixed Petition Pending Exhaustion on Rule 60(b) Motion Made in the Court Wherein Plea Was Entered."  (Docket Entry #10, p. 3.)  The motion itself states:  "[P]etitioner files the within motion for "stay and abeyance " pending exhaustion within the 1 year time limit, and at such time asks the court [to] continue to grant leave to proceed in forma pauperis on the also enclosed Rule 60(b) motion and petition."  (Docket Entry #10, p. 3.)  Petitioner filed a "Memorandum of Law in Support of Stay on Rule 60(b) Motion," but he did not file either a motion for relief from judgment or order, pursuant to Rule 60(b), or another petition.  The memorandum summarizes Petitioner's legal argument as follows:

> Petitioner files the herein motion for "stay" and Rule 60(b) motion within 1 year, and on the basis that a per se rule was incorrectly applied to reject the previous state habeas and the more than one federal petition for review, rather than candidly evaluating the specific circumstances, and because extraordinary circumstances merited relief under Fed. Civ. Proc. R. 60(b).  A similar state petition has been filed in the

6

> Cumberland County Superior Court. Pursuant to Rhines v. Weber, 544 U.S. 269 (2005), a state prisoner may file a federal habeas corpus petition and ask for a stay ("stay and abeyance") pending exhaustion of his claims in the state courts. Petitioner seeks candid review not of a judgment on the merits of his habeas petition, but rather of erroneous judgment(s) preventing the habeas court(s) from ever reaching the merits of that petition.

(Docket Entry #10, p. 4.)

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court has the authority to stay a § 2254 petition which contains unexhausted federal claims. See Rhines at 276. The Rhines Court explained the rationale for a stay:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

Rhines at 275.

The Rhines Court determined that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such

7

circumstances, the district court should stay, rather than dismiss, the mixed petition." Id. at 278. See also Heleva v. Brooks, 581 F. 3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under Rhines standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims).

Petitioner also refers in his memorandum to Pace v. DeGuglielmo, 544 U.S. 408, 416 (2005). In Pace, the Supreme Court ruled that a state petition for post-conviction relief that is dismissed by the state court as untimely does not toll the federal statute of limitations because an untimely state petition for post-conviction relief is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). In rejecting the prisoner's argument, the Supreme Court observed that, in the event that a state prisoner who is pursuing state post-conviction relief is "reasonably confused" as to whether the state petition was timely or otherwise "properly filed," that prisoner could file a protective § 2254 petition. The Court explained:

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,' " and thus that his federal habeas petition is time barred. Brief for Petitioner 30. A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, ante, 544 U.S., at 278 . . . (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good

8

>  cause" for him to file in federal court. Ibid. ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics," then the district court likely "should stay, rather than dismiss, the mixed petition").

Pace, 544 U.S. at 416-417.

In this case, by Order entered May 21, 2009, this Court dismissed Petitioner's first (and only) § 2254 Petition as barred by the 365-day statute of limitations under 28 U.S.C. § 2244(d)(1)(A) because it was filed more than one year after expiration of the one-year grace period for convictions that became final prior to enactment of the PLRA on April 23, 1996, statutory tolling was inapplicable because the statute of limitations expired in 1997 before Petitioner filed his first state petition for post-conviction relief, and Petitioner failed to show any basis warranting equitable tolling of the limitations period.  The stay and abeyance procedure of Rhines is simply inapplicable here, since Petitioner's § 2254 Petition was dismissed as time barred, not as unexhausted.  In addition, Pace's reference to a protective § 2254 petition is not relevant to this case, since Petitioner's § 2254 Petition was dismissed with prejudice and any claims raised in a new (protective) petition (that has not been filed) would be barred by 28 U.S.C. § 2244(b), which provides that, in the absence of extremely limited circumstances and the prior approval of the United States Court

9

of Appeals for the Third Circuit, a district court lacks jurisdiction to entertain a federal claim presented in a second or successive § 2254 petition.

Based on the foregoing, this Court will deny Petitioner's motion for a stay and abeyance.

B.  Rule 60(b) Motion

To the extent that Petitioner seeks to vacate this Court's Order dismissing the § 2254 Petition as time barred, pursuant to Rule 60(b), this Court will deny the motion.  Rule 60(b) allows a party to seek relief from judgment under a limited set of circumstances.  Specifically, Rule 60(b), effective December 1, 2007, provides:

> **Grounds for Relief form a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trail under Rule 59(b);
>
> (3) fraud . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

10

>      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, Petitioner has not shown any basis under Rule 60(b) to vacate the Order dismissing the § 2254 Petition with prejudice as time barred.  The fact that Petitioner filed a second state petition for post-conviction relief, in part challenging the state courts' denial of his first state post-conviction relief petition as untimely, is irrelevant, since this Court did not base its untimeliness ruling on the timeliness or untimeliness of Petitioner's first state post-conviction relief petition.

### III.  CONCLUSION

Based on the foregoing, the Court denies Petitioner's motion for a stay and denies Petitioner's Rule 60(b) motion.


                                    /s/ NOEL L. HILLMAN
                                    **NOEL L. HILLMAN, U.S.D.J.**


DATED:   December 13th , 2010

At Camden, New Jersey

11